```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
                       Norfolk Division
```

**JOHNNY V. WILLIAMS,**

and

**GAIL E. WILLIAMS,**

      **Plaintiffs,**

    v.                           **CIVIL ACTION NO. 2:07cv66**

**EQUITY HOLDING CORPORATION,**
Individually and as Trustee,
a California Non-Profit Corporation,
et al.,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case comes before the court on defendants' motion to dismiss Count Eight (RICO) for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and defendants' motion to strike portions of the plaintiffs' second amended complaint. For the reasons set forth below, defendants' motion to dismiss is **GRANTED**, and defendants' motion to strike is **GRANTED**.

### I. Factual and Procedural History

A detailed discussion of the factual and procedural history of this case was set forth by this court in its opinion dated August 3, 2007 (the "August 3 Opinion"), and need not be repeated below. In essence, on December 5, 2005, on the eve of the

foreclosure of their home, plaintiffs Johnny V. Williams and Gail E. Williams ("the Williams") entered into the transaction that is at issue in this litigation. Although they believed they had obtained a second mortgage on their home, the Williams had actually transferred ownership of their home into a land trust, becoming tenants for a period of one year through an occupancy agreement.[1] Despite repeated demands for both repayment information and copies of the documents they had signed on December 5, 2005 in connection with the transaction, the Williams did not receive copies of the documents until April 2006,[2] and they received only an ever-increasing oral representation of the payoff amount.[3] From December 2005 until October 2006, the Williams believed they still owned their home. In October 2006, the Williams finally learned that they were not the owners of the property and that no

---

[1] Essentially, the Williams and the defendants created a sophisticated NARS Equity Trust in the name of the Johnny V. Williams Trust, whereby the Williams deeded their property into a land trust, designated defendant Equity Holding Corporation as trustee and manager, and named themselves as beneficiaries. Defendants American Home Quest, LLC, Adastra Realty Fund Limited, and LandPartners of America, Inc. are also designated as investor beneficiaries.

[2] The Williams claim that the documents they received at this time were incomplete, as only the signature page of the Deed of Bargain, and not the Deed of Bargain itself, was provided.

[3] This information was provided to the Williams by David Thurmond ("Thurmond") of American Home Quest, LLC. Despite representing that he would provide the Williams with written documentation of the payoff information, Thurmond never furnished this information.

refinancing was possible.

The Williams filed their complaint in this case on November 30, 2006, against the following defendants: Equity Holding Corporation ("EHC"), Thomas K. Standen ("Standen"), American Home Quest, LLC ("AHQ"), LandPartners of America, Inc. ("LandPartners"), Adastra Realty Fund Limited ("Adastra"), and North American Realty Services, Inc. ("NARS") (collectively, "defendants"). The Williams amended their complaint on December 16, 2006. In the August 3 Opinion, this court granted defendants' motion to dismiss several of the Williams's claims.[4] The Williams were given leave to amend their complaint only with respect to Count Eight, violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). Williams v. Equity Holding Corp., No. 2:07cv66, 2007 WL 2230723, at *11 (E.D. Va. Aug. 3, 2007).

The Williams filed their second amended complaint on August 22, 2007. Defendants filed an answer to the Williams's second amended complaint on August 31, 2007. In their answer, defendants specifically raised the defense that the Williams failed

---

[4] This court dismissed Count Five (breach of contract), Count Eight (violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.), Count Nine (violation of the Virginia Business Trust Act, VA. CODE ANN. § 13.1-1200 et seq.), and Count Ten (violation of the Mortgage Lender and Broker Act, VA. CODE ANN. § 6.1-408 et seq.). Williams v. Equity Holding Corp., No. 2:07cv66, 2007 WL 2230723, at *1 (E.D. Va. Aug. 3, 2007).

to state a claim upon which relief can be granted for Count Eight (RICO).  On August 27, 2007, defendants filed the instant motion to dismiss.  The Williams filed their response on September 7, 2007, and defendants replied on September 10, 2007.  On August 31, 2007, defendants filed a motion to strike portions of the Williams's second amended complaint.  The Williams responded on September 14, 2007.  Accordingly, these matters are ripe for review.

## II. Defendants' Motion to Dismiss Count Eight (RICO)

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief may be granted.  F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6).  The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint; importantly, this motion "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). When reviewing a claim pursuant to a Rule 12(b)(6) motion, the court must accept well-pleaded allegations as true and construe the factual allegations in favor of the plaintiff.  Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).

In addition, although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Bell Atl. Corp.

v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted); see also Schuster v. Anderson, 413 F. Supp. 2d 983, 996 (N.D. Iowa 2005)("Conclusory allegations need not and will not be taken as true; rather, the court will consider whether the facts alleged in the plaintiffs' complaint, accepted as true, are sufficient to state a claim upon which relief can be granted." (emphasis in original)).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. at 1965 (internal citation omitted).  A plaintiff bears the burden "to allege facts sufficient to state all the elements of [the] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (emphasis added).

### B. Analysis

Defendants move this court to dismiss Count Eight (RICO) for failure to state a claim, arguing that the Williams have not sufficiently alleged two of the elements of RICO.  "To test the legal sufficiency of [this claim], the court must begin with an outline of RICO's requirement for recovery." D'Addario v. Geller, 264 F. Supp. 2d 367, 396 (E.D. Va. 2003).  The Williams claim that defendants violated 18 U.S.C. § 1962(a), (c), and (d).[5]  "Common to

---

[5] RICO, in relevant part, renders civilly liable "any person" who uses or invests income

these provisions are the elements of a (1) person, (2) an enterprise, (3) a pattern of (4) racketeering activity (5) which causes injury to the plaintiff."[6]  Myers v. Finkle, 758 F. Supp. 1102, 1111 (E.D. Va. 1990).

In the August 3 Opinion, this court found that the Williams properly alleged the RICO "person" in their amended complaint. Williams, 2007 WL 2230723, at *6.  This court also determined that the Williams properly alleged the requisite "racketeering activity," by pleading with particularity several acts of mail and wire fraud directed toward themselves, in accordance with Federal Rule of Civil Procedure 9(b).  Id. at *7 ("The Williams outlined the alleged scheme to defraud them of their home and pled a time frame for the scheme, specific persons, entities, and times connected with the fraud, and the general contents of the alleged

---

    derived "from a pattern of racketeering activity" to acquire an interest in or to operate an enterprise engaged in interstate commerce, § 1962(a); . . . who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs "through a pattern of racketeering activity," § 1962(c); or, finally, who conspires to violate the first three subsections of § 1962, § 1962(d).

H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 232 (1989); see also Neild v. Wolpoff & Abramson, L.L.P., 453 F. Supp. 2d 918, 925 (E.D. Va. 2006).  Furthermore, "RICO provides for drastic remedies: . . . a person found in a private civil action to have violated RICO is liable for treble damages, costs, and attorney's fees, 18 U.S.C. § 1964(c)."  H.J. Inc., 492 U.S. at 233.

[6] "The injury and causation components [of this element] are viewed as standing requirements."  D'Addario, 264 F. Supp. 2d at 396.

fraudulent communications between defendants and the Williams.").

However, this court found that the Williams did not properly plead a "pattern" of racketeering activity. The court stated that the Williams's amended complaint contained "nothing more than conclusory, unsupported assertions that defendants are engaged in a widespread scheme to defraud other individuals in the same manner that they were allegedly defrauded." Id. at *8. In explaining the Williams's failure to plead the pattern element of their RICO claim properly, this court further noted that "[t]he Williams point to no specific fraudulent conduct perpetrated by any defendant apart from that directed towards them from November 15, 2005, to November 30, 2006." Id. (emphasis added). The court concluded that "the Williams have essentially alleged ordinary commercial fraud, which is insufficient to establish a RICO claim." Id. The Williams were given leave to amend their amended complaint as to Count Eight. Id. at *12, n.12.

### 1. Enterprise

In their motion to dismiss, defendants first argue that the Williams have failed to plead the "enterprise" element of their RICO claim properly.[7] In response, rather than address the merits of this argument, the Williams essentially contend, without citing

---

[7] Neither this element, nor the "causation and injury" element were discussed in the August 3 Opinion, as defendants did not dispute either element in their motion to dismiss that was before this court at that time. Id. at *5.

7

any law, that by not disputing the enterprise element in their first motion to dismiss, defendants "implicitly found [the enterprise element] adequately pled."[8] In response to this argument, defendants first assert that courts have allowed defendants to raise additional grounds for dismissal not raised in previous motions to dismiss. They also note that they could simply make the same arguments in a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The court need not address the merits of these assertions, because there is an independent ground on which the Williams's RICO claim must be dismissed.

## 2. Pattern

As an initial matter, it must be noted that the Fourth Circuit is "especially cautious" when it comes to finding the existence of a pattern when the predicate acts involved in a RICO claim are mail and wire fraud. Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998). "It will be the unusual fraud that does not enlist the mails and wires in its service at least twice." Int'l Data Bank, Ltd. v. Zepkin, 812 F.2d 149, 154-55 (4th Cir. 1987). The Williams's second amended complaint purports to establish a pattern of racketeering activity based on mail and wire fraud. Second Am. Compl. ¶ 116.

---

[8] Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss Count Eight of Pls.' Second Am. Compl. 2.

In order to survive a motion to dismiss a RICO claim, a "plaintiff must plead [the] circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b)." Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989) (quoting Schreiber Distribution Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir. 1986)) (internal quotations omitted). Conclusory allegations that are not stated with particularity do not satisfy Rule 9(b)'s requirements. See id. at 684. The pattern requirement and Rule 9(b)'s heightened pleading requirements ensure "that RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions; that treble damage suits are not brought . . . for their harassment and settlement value; and that the multiple state and federal laws bearing on [commercial transactions] are not eclipsed or preempted." Menasco, 886 F.2d at 683.

The Williams have not properly alleged a pattern under RICO. As discussed in the August 3 Opinion, the Williams have properly alleged specific fraudulent acts directed toward themselves.[9] However, their second amended complaint lacks the specificity required to plead RICO's pattern requirement. In response to the court's leave to amend, the Williams's second amended complaint

---

[9] The court noted that in their amended complaint, the Williams properly alleged three acts of mail fraud and one act of wire fraud. Williams, 2007 WL 2230723, at *8.

9

alleges that defendants have entered into "transactions similar to the one at issue in this case." See Second Am. Compl. ¶ 113(A)(a)-(f).[10] Yet, in the same manner that was fatal to their amended complaint, the Williams have again failed to point to any <u>specific</u> fraudulent conduct perpetuated by any defendant apart from that directed toward themselves.

The Williams must do more than assert that defendants have each engaged in a varied number of "similar transactions" that have caused other consumers to "sustain multiple injuries." Second Am. Compl. ¶ 113(A)(g). Under Rule 9(b), the Williams must plead "the time, place, and content of the false representations, the person making them, and what the person gained from them." <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999) (internal quotations and citation omitted). The Williams's second amended complaint lacks the requisite specific information with respect to the alleged "similar transactions," such as the identity of those persons purportedly defrauded, or when specifically these fraudulent transactions took place. See <u>Menasco</u>, 886 F.2d at 684 (noting that Rule 9(b)'s "requirement that averments of fraud be

---

[10] The Williams allege the following with respect to each defendant: that EHC and Standen have been named trustee in one thousand or more such transactions, that LandPartners has entered into sixty or more such transactions, that Adastra and AHQ have each entered into twenty-three or more such transactions, that NARS has entered into between eighty and one hundred such transactions, and that EMS manages the contingency funds on behalf of the Trustee, EHC, and Standen for each similar transaction. Second Am. Compl. ¶ 113(A)(a)-(f).

10

stated with particularity" is not satisfied when "the complaint fails to supply any details regarding . . . the identity or activity of the other persons purportedly defrauded by the defendant")[11] (emphasis omitted); Scott v. W.F.S. Fin., Inc., No. 2:06cv349, 2007 U.S. Dist. LEXIS 3967, at *17-18 (E.D. Va. Jan. 18, 2007) ("Plaintiff must be more specific than simply alleging that WFS has victimized other consumers."). Because the Williams have not properly alleged a pattern under RICO, defendants' motion to dismiss Count Eight (RICO) is **GRANTED**.

### III. Defendants' Motion to Strike

As discussed above, in the August 3 Opinion, this court gave the Williams leave to amend Count Eight of their amended complaint. The Williams filed their second amended complaint on August 22, 2007. The Williams have gone outside the scope given by this court

---

[11] The Fourth Circuit's reasoning in Menasco is instructive in this case. In Menasco, the court gave the plaintiffs leave to amend their complaint in order to plead RICO's pattern requirement properly. Menasco, 886 F.2d at 685. In so doing, the court noted that in their request for leave to amend, the plaintiffs indicated that they "would allege 'that defendants employed the same scheme with respect to approximately 25 other Maryland individuals and corporations.'" Id. The court continued, noting: "If these allegations are pled with the requisite particularity, they would satisfy H.J. Inc.'s requirement of a 'regular way of conducting defendant's ongoing legitimate business,' that carries with it a distinct threat of future racketeering activity." Id. (emphasis added). The logical reading of this language indicates that the Fourth Circuit does not find the requisite particularity met when plaintiffs simply allege that a given number of others were defrauded. This is exactly what the Williams have done, see supra note 10, which is not enough to meet the pleading requirements in force in this circuit.

11

to amend their amended complaint, adding additional allegations to their second amended complaint that are not relevant to their RICO claim.[12] Plaintiffs originally filed this lawsuit on November 30, 2006, and were then given an opportunity to file a first amended complaint by order of December 12, 2006, which they did on December 13, 2006. The August 3 Opinion clearly only allowed an amendment to Count Eight (RICO); no further leave to amend was granted. Discovery is complete and the jury trial in this case is set for September 24, 2007. New factual amendments and allegations at this juncture will not be permitted by the court. Accordingly, defendants' motion to strike is **GRANTED**.[13] The new facts and allegations contained in paragraphs 5-11, 16, 28, and 85 shall be stricken from the Williams's second amended complaint.

---

[12] Specifically, the Williams have added facts and allegations relevant only to the following counts: Count One, violations of the Truth in Lending Act ("TILA"), 15. U.S.C. § 1601 et seq., and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; Count Six, common law fraud; and Count Eleven, violation of the Virginia Consumer Protection Act ("VCPA"), VA. CODE ANN. § 59.1-196 et seq. See Second Am. Compl. ¶¶ 5-11, 16, 28, 85. The Williams have also added allegations relevant only to the personal liability of defendant Standen. See id. ¶ 6.

[13] In their motion to strike, defendants assert that the Williams have added a new allegation to paragraph 17 of their second amended complaint. Defs.' Mot. to Strike and Mem. in Supp. ¶ 8. The court assumes this was a typographical error, as the Williams have added new allegations to paragraph 16 of their second amended complaint. Defendants' motion will be construed as so stating.

## IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss Count Eight (RICO) is **GRANTED**, and defendants' motion to strike is **GRANTED**. The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith\_\_

Rebecca Beach Smith
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

September 19, 2007

13